1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


RANDY MARAN WHITTENBURG,        ) 1:10-cv—00352-OWW-SMS-HC
                                )
              Petitioner,       ) FINDINGS AND RECOMMENDATIONS TO
                                ) DISMISS THE PETITION FOR FAILURE
                                ) TO STATE A COGNIZABLE CLAIM
      v.                        ) (DOC. 1), DECLINE TO ISSUE A
                                ) CERTIFICATE OF APPEALABILITY,
KEN CLARK,                      ) AND DIRECT THE CLERK TO
                                ) CLOSE THE CASE
              Respondent.       )
                                ) **OBJECTIONS DEADLINE:**
_____) **THIRTY (30) DAYS**

     Petitioner is a state prisoner proceeding pro se with a
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
The matter has been referred to the Magistrate Judge pursuant to
28 U.S.C.§ 636(b)(1) and Local Rules 72-302 and 72-304.  Pending
before the Court is the petition, which was filed on March 1,
2010.  Respondent filed an answer on May 24, 2010, and Petitioner
filed a traverse on June 23, 2010.

     I.  Consideration of Dismissal of the Petition

     Rule 4 of the Rules Governing § 2254 Cases in the United
States District Courts (Habeas Rules) requires the Court to make
a preliminary review of each petition for writ of habeas corpus.
The Court must summarily dismiss a petition "[i]f it plainly

                                1

appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court...."
Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
1990).  Habeas Rule 2(c) requires that a petition 1) specify all
grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; rather, the petition must
state facts that point to a real possibility of constitutional
error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
that are vague, conclusory, or palpably incredible are subject to
summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
Cir. 1990).

    Further, the Court may dismiss a petition for writ of habeas
corpus either on its own motion under Habeas Rule 4, pursuant to
the respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).

    Here, after the answer and traverse were filed, the United
States Supreme Court decided Swarthout v. Cooke, 562 U.S. –, 131
S.Ct. 859, 861-62 (2011).  Because Swarthout appears to govern
the instant case, and because no motion to dismiss the petition
has been filed, the Court proceeds to consider whether the
petition states a cognizable claim for relief.
///

1        II.   Background

2        Petitioner alleges that he is an inmate of the California

3   Substance Abuse Treatment Facility and State Prison at Corcoran,

4   California, who is serving a sentence of twenty-six (26) years to

5   life imposed in the Los Angeles County Superior Court upon

6   Petitioner's 1989 conviction of first degree murder with a

7   firearm.  (Pet. 1.)  Petitioner challenges a decision of the

8   California Board of Parole Hearings (BPH) finding Petitioner

9   unsuitable for parole and also argues that the state courts'

10  decisions upholding the board's denial of parole were objectively

11  unreasonable.  (Pet. 4-8.)  It appears that the decision in

12  question followed a hearing held before the BPH on September 23,

13  2008.  (Ans., Ex. A [doc. 10-1], 2.)

14       It appears from the transcript of the hearing submitted by

15  Respondent with the answer that Petitioner attended the parole

16  hearing before the Board on September 23, 2008.  (Ans., Ex. 1

17  [doc. 10-1], 67, 69; Ex. 2 [doc. 10-3], 74.)  Petitioner was

18  represented by counsel, who spoke on behalf of Petitioner.

19  (Ans., Ex. 2 [doc. 10-3], 74, 81-82; [doc. 10-4], 35-39.)

20  Petitioner spoke to the Board about various suitability factors

21  and personally made a statement. (Ans., Ex. 2 [doc. 10-3], 81-

22  114; [doc. 10-4], 1-25, 29, 39.)  Petitioner was given a

23  statement of reasons for the BPH's grant of parole.  (Ans., Ex. 2

24  [doc. 10-4], 40-55.)

25       Petitioner asks this Court to review whether there was some

26  evidence to support the conclusion that Petitioner was unsuitable

27  for parole because he posed a current threat of danger to the

28  public if released.  (Pet. 4-5.)  Petitioner raises the following

3

claims:  1) the evidence of Petitioner's behavior and programming
exceeded the requirements of the parole statutes and regulations
and the recommendations of the previous parole panel, and thus
Petitioner should have been found suitable; 2) Petitioner's right
to due process of law was violated because the BPH failed to give
Petitioner individualized consideration of his own behavior; 3)
Petitioner's right to due process of law was violated by the
failure of the BPH to hold annual parole hearings as the state's
high court determined were required pursuant to its
interpretation of state statutes; and 4) the decision that
Petitioner was unsuitable for parole violated Petitioner's right
to due process of law because none of the evidence cited by the
BPH or state courts supported a finding of current, unreasonable
danger to the public. (Pet. 4-5.)

        III.  <u>Failure to Allege a Claim Cognizable on Habeas Corpus</u>

        Because the petition was filed after April 24, 1996, the
effective date of the Antiterrorism and Effective Death Penalty
Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh</u>
<u>v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008
(1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

        A district court may entertain a petition for a writ of
habeas corpus by a person in custody pursuant to the judgment of
a state court only on the ground that the custody is in violation
of the Constitution, laws, or treaties of the United States. 28
U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,
375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13,
16 (2010) (per curiam).

        The Supreme Court has characterized as reasonable the

4

decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16.  The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16.  The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9.  Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13.  In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

1    a statement of the reasons why parole was denied.
     (Citation omitted.)
2

3    _Swarthout_, 131 S.Ct. 859, 862.  The Court concluded that the

4    petitioners had received the process that was due as follows:

5         They were allowed to speak at their parole hearings
          and to contest the evidence against them, were afforded
6         access to their records in advance, and were notified
          as to the reasons why parole was denied....
7
          That should have been the beginning and the end of
8         the federal habeas courts' inquiry into whether
          [the petitioners] received due process.
9
     _Swarthout_, 131 S.Ct. at 862.  The Court in _Swarthout_ expressly
10
     noted that California's "some evidence" rule is not a substantive
11
     federal requirement, and correct application of California's
12
     "some evidence" standard is not required by the federal Due
13
     Process Clause.  _Id._ at 862-63.

14       Here, in claims 1 and 4, Petitioner challenges the

15   sufficiency and the weight of the evidence as determined by the

16   BPH and the state courts.  Petitioner asks this Court to engage

17   in the very type of analysis foreclosed by _Swarthout_.  Petitioner

18   does not state facts that point to a real possibility of

19   constitutional error or that otherwise would entitle Petitioner

20   to habeas relief because California's "some evidence" requirement

21   is not a substantive federal requirement.  Review of the record

22   for "some evidence" to support the denial of parole is not within

23   the scope of this Court's habeas review under 28 U.S.C. § 2254.

24       Petitioner's second claim that he did not receive a

25   sufficiently individualized consideration of the evidence

26   concerning his behavior is likewise not cognizable.  The minimal

27   due process to which Petitioner is entitled does not include any

28   particular degree of individualized consideration.

                                    6

1   Petitioner's third claim concerning a violation of due
2   process based on the BPH's failure to hold annual parole hearings
3   as required by state law is not cognizable in a proceeding
4   pursuant to 28 U.S.C. § 2254.  Petitioner's claim appears to rest
5   on the state court's interpretation of state law.  (Pet. 5.)  To
6   the extent that Petitioner's claim rests on state law, it is not
7   cognizable on federal habeas corpus.  Federal habeas relief is
8   not available to retry a state issue that does not rise to the
9   level of a federal constitutional violation.  Wilson v. Corcoran,
10  562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502
11  U.S. 62, 67-68 (1991).  Alleged errors in the application of
12  state law are not cognizable in federal habeas corpus.  Souch v.
13  Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

14  A petition for habeas corpus should not be dismissed without
15  leave to amend unless it appears that no tenable claim for relief
16  can be pleaded were such leave granted.  Jarvis v. Nelson, 440
17  F.2d 13, 14 (9th Cir. 1971).

18  Here, it is clear from the allegations in the petition that
19  Petitioner attended the parole suitability hearing, made
20  statements to the BPH, was represented by counsel, and received a
21  statement of reasons for the decisions of the BPH and the
22  governor.  Thus, Petitioner's own allegations establish that he
23  had an opportunity to be heard and a statement of reasons for the
24  decisions in question.  It therefore does not appear that
25  Petitioner could state a tenable due process claim.

26  Accordingly, it will be recommended that the petition be
27  dismissed without leave to amend.
28  ///

7

1    IV.   <u>Certificate of Appealability</u>

2        Unless a circuit justice or judge issues a certificate of

3    appealability, an appeal may not be taken to the Court of Appeals

4    from the final order in a habeas proceeding in which the

5    detention complained of arises out of process issued by a state

6    court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

7    U.S. 322, 336 (2003).  A certificate of appealability may issue

8    only if the applicant makes a substantial showing of the denial

9    of a constitutional right.  § 2253(c)(2).  Under this standard, a

10   petitioner must show that reasonable jurists could debate whether

11   the petition should have been resolved in a different manner or

12   that the issues presented were adequate to deserve encouragement

13   to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

14   (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

15   certificate should issue if the Petitioner shows that jurists of

16   reason would find it debatable whether the petition states a

17   valid claim of the denial of a constitutional right and that

18   jurists of reason would find it debatable whether the district

19   court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

20   529 U.S. 473, 483-84 (2000).

21       In determining this issue, a court conducts an overview of

22   the claims in the habeas petition, generally assesses their

23   merits, and determines whether the resolution was debatable among

24   jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

25   applicant to show more than an absence of frivolity or the

26   existence of mere good faith; however, it is not necessary for an

27   applicant to show that the appeal will succeed.  <u>Miller-El v.</u>

28   <u>Cockrell</u>, 537 U.S. at 338.

1    A district court must issue or deny a certificate of
2 appealability when it enters a final order adverse to the
3 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

4    Here, it does not appear that reasonable jurists could
5 debate whether the petition should have been resolved in a
6 different manner.  Petitioner has not made a substantial showing
7 of the denial of a constitutional right.  Accordingly, it will be
8 recommended that the Court decline to issue a certificate of
9 appealability.

10    V.   Recommendation

11    Accordingly, it is RECOMMENDED that:

12    1)   The petition for writ of habeas corpus be DISMISSED
13 without leave to amend because Petitioner has failed to state a
14 claim cognizable pursuant to 28 U.S.C. § 2254; and

15    2)   The Court DECLINE to issue a certificate of
16 appealability; and

17    4)   The Clerk be DIRECTED to close the action because this
18 order terminates the proceeding in its entirety.

19    These findings and recommendations are submitted to the
20 United States District Court Judge assigned to the case, pursuant
21 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
22 the Local Rules of Practice for the United States District Court,
23 Eastern District of California.  Within thirty (30) days after
24 being served with a copy, any party may file written objections
25 with the Court and serve a copy on all parties.  Such a document
26 should be captioned "Objections to Magistrate Judge's Findings
27 and Recommendations."  Replies to the objections shall be served
28 and filed within fourteen (14) days (plus three (3) days if

served by mail) after service of the objections.  The Court will
then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
636 (b)(1)(C).  The parties are advised that failure to file
objections within the specified time may waive the right to
appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    March 3, 2011**                    _____/s/ Sandra M. Snyder_____
                                    UNITED STATES MAGISTRATE JUDGE